1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHINA NORTH EAST PETROLEUM HOLDINGS, Ltd., | ) Case No.: 2:06-cv-01070-BES-(RAM) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| TOPWORTH ASSETS LIMITED DOES 1-5 AND ROE CORPORATIONS 6-10, Inclusive, | ) |
| Defendants. | ) |

15   Before the Court is Defendant Topworth Assets Limited ("Topworth") Motion to Dismiss

16   for Lack of Personal Jurisdiction (Doc. #4).  Plaintiff China North East Petroleum Holding, Ltd.

17   ("China") filed an Opposition to Topworth's Motion to Dismiss for Lack of Personal Jurisdiction

18   (Doc. #6).  Subsequently, Topworth filed a Reply in Support of its Motion to Dismiss for Lack

19   of Personal Jurisdiction (Doc. #5).

20                                      **I.  Factual Background**

21   China is a Nevada corporation.  (Pl['s] Complaint (#1)1.)  China formed when Draco

22   Holding Corporation ("Draco") merged with Hong Xiang Petroleum Group Limited ("Hong

23   Xiang") on or about April 30, 2004.  Id.  Topworth is a financial consulting company formed

24   under the laws of the British Virgin Islands.  Id.  Topworth is a British Virgin Islands holding

25   company.  Id.

26   In November of 2003, Hong Xiang signed an agreement with First American Financial

27   Group Limited to take China public.  Id. at 3.  In February of 2004, First Aisa Financial entered

28   into an agreement with Topworth to sell 3,175,000 of the China shares to Topworth.  Topworth

1

1   alleges the China stock was acquired before China became a Nevada corporation.  (Def['s]

2   Motion to Dismiss (#4)6.)

3        In late 2005, China learned of the issuance of the 3,175,000 of its shares to Topworth.

4   (Pl['s] Complaint (#1)3.).  China alleges that the issuance of the China shares was fraudulent

5   and without China's knowledge or authority.  Id.  The two directors of China whose names

6   appear on the stock issuance authorization form maintain that the signatures on the document

7   are fraudulent.  (Pl['s] Opposition to Motion to Dismiss (#6), Ex. 1 at 6, 8.)  China notified

8   Topworth that the transfer of its shares was not authorized and that it objected to any attempt

9   to sell the shares.  Id.  Topworth returned 2,715,000 shares to China, but retained 460,000

10  shares and refused to return them.  Topworth then contacted Interwest Transfer Corporation

11  ("Interwest") to facilitate the sale of the China shares.  (Def['s] Motion to Dismiss (#4)6.)

12       Interwest is incorporated in Nevada, but its principal place of business and its officers

13  are located in Salt Lake City, Utah.  (Def['s] Motion to Dismiss (#4)6.)   It is undisputed that

14  Topworth only conducted business with the Salt Lake City, Utah office.  Id.

15       Topworth has no offices, employees, customers, or real or personal property in Nevada.

16  (Def['s] Motion to Dismiss (#4)2.)  Furthermore, Topworth's principal place of business is the

17  country of China.  Id.  Topworth is not licensed or qualified to do business in Nevada, and

18  does not manufacture any goods or products, or provide services in Nevada.  Id.  These facts

19  are undisputed by China.

20       This case was originally filed in the Eighth Judicial District Court, State of Nevada and

21  dismissed for lack of personal jurisdiction.  China North East Petroleum Holdings, Ltd. V.

22  Topworth Assets Limited, Does 1-5 and Roe Corporations 6-10, Inclusive, No. A520788 (D.

23  Nev. Aug. 28, 2006) (order granting Motion to Dismiss for Lack of Personal Jurisdiction).  The

24  only cause of action in the state court case was a request for a preliminary injunction.  Id.

25  China re-filed the case in U.S. District Court, District of Nevada alleging three causes of action.

26  (Pl['s] Complaint (#1)3-6.)  The first cause of action alleges Topworth committed fraud by

27  obtaining the shares of China's stock.  Id. at 3-4.  In the second cause of action, China

28  requests the Court issue a preliminary injunction to halt the transfer of the shares in question.

1   Id. At 4-5.  Finally, China requests the Court give declaratory relief stating that the allegedly

2   false resolution authorizing the issuance of the stock in question is null and void and without

3   legal effect.  Id. at 7.

## II. Analysis

5   Topworth moves for dismissal pursuant to FRCP 12(b)(2) for lack of personal

6   jurisdiction.  To withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(2), the plaintiff need

7   only make a prima facie showing of personal jurisdiction, which he may do through the

8   pleadings, affidavits, or discovery materials.  Glencore Grain Rotterdam B.V. v. Shivnath Rai

9   Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002).  In determining whether the plaintiff has

10  met this burden, the Court accepts as true any uncontroverted allegations in his complaint and

11  the Court will decide in his favor any conflicts of facts that arise between the parties.  Id.; AT&T

12  Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

13  To establish that personal jurisdiction over defendants is proper, plaintiff must meet two

14  requirements.  First, there must be a statute that gives the court authority to exercise

15  jurisdiction.  Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1286 (9th Cir.

16  1977).  Second, the exercise of jurisdiction must meet constitutional standards, defined as

17  "certain minimal contacts with the forum such that the maintenance of the suit does not offend

18  traditional notions of fair play and substantial justice."  Id. at 1286-87, citing Int'l Shoe Co. v.

19  Washington, 326 U.S. 310, 316 (1945).  Because Nevada's long-arm statute permits the

20  exercise of jurisdiction to the same extent as the United States Constitution, the state and

21  federal limits are coextensive.  See N.R.S. § 14.605; Data Disc, 557 F.2d at 1286.  The

22  constitutional requirements for personal jurisdiction over a defendant can be met either

23  through general or specific jurisdiction.  Reebok Int'l, Ltd. v. McLaughlin, 49 F.3d 1387, 1391

24  (9th Cir. 1995).

## A. General Jurisdiction

26  China does not make any argument that Topworth is subject to general jurisdiction.  If

27  the defendant's activities and contacts with the forum state are substantial, continuous, and

28  ///

3

1   systematic, a court will have general jurisdiction over the defendant, even if the cause of action

2   is unrelated to defendant's forum activities.  Id.; Data Disc, 557 F.2d at 1287.

3        It is undisputed that Topworth has no offices, employees, customers, or real or

4   personal property in Nevada.  (Def['s] Motion to Dismiss (#4)2.)  Furthermore, Topworth is not

5   licensed or qualified to do business in Nevada, and does not manufacture any goods or

6   products, or provide services in Nevada.  Id.  Topworth is a British Virgin Islands holding

7   company with its principal place of business in the country of China.  Id. at 6.  Furthermore,

8   the company primarily holds Asian assets.  Id.  Topworth's first alleged contact with the forum

9   state is the purchase of stock in a Nevada corporation, which later was acquired by China.

10  Owning stock in a company incorporated in a state is not enough to subject a defendant to

11  personal jurisdiction in that state.  Schaffer v. Heitner, 433 U.S. 186, 216 (1977).  Therefore,

12  Topworth does not have sufficient minimum contacts to support the exercise of specific

13  jurisdiction.

14       Furthermore, Topworth's second alleged contact with Nevada is based upon Topworth's

15  use of Interwest in Salt Lake City, Utah on a limited basis while attempting to sell the China

16  stock.  Although Interwest is a business incorporated in Nevada, its principal place of business

17  and its officers are located in Salt Lake City, Utah.  (Def['s] Motion to Dismiss (#4)6.)  Again,

18  such an alleged contact is not enough to establish sufficient contacts with the state of Nevada

19  and as such, the Court finds that Topworth's contacts are not so substantial, continuous, and

20  systematic as to warrant the exercise of general jurisdiction over Topworth.

21  **B.    *Specific Jurisdiction***

22       China argues that Topworth is subject to specific jurisdiction.  Specific jurisdiction is

23  determined by an analysis of the "nature and quality of the defendant's contacts [with the

24  forum state] in relation to the cause of action."  Data Disc, 557 F.2d at 1287.  The Ninth Circuit

25  requires the following three-prong approach for assessing specific jurisdiction: (1) the

26  nonresident defendant must purposefully avail himself of the privilege of conducting activities

27  in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise

28  ///

4

1   out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction

2   must be reasonable.  Id.

3          China alleges that Topworth intentionally defrauded China of its stock.  China appears

4   to posit the argument that even though Topworth has no physical presence in Nevada, it

5   purposefully directed its activities toward a Nevada business, namely Interwest.  The general

6   idea is that by obtaining unauthorized stock in China and attempting to sell it, Topworth's

7   "conduct and connection with the forum state is such that it should reasonably anticipate being

8   haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

9          Topworth was conducting business with Interwest, a Nevada corporation, in relation to

10  the sale of the stock in question.  From the facts alleged, the only connection that Interwest

11  has with Nevada is that it is incorporated in the state.  Its main office and officers are located

12  in Salt Lake City, Utah and that is the only place Topworth dealt with Interwest.  In its dealings

13  with Interwest, Topworth did not purposefully avail itself of the privileges and benefits of the

14  forum state.

15         Topworth acquired the stock in China from First Aisa Financial.  (Pl['s] Complaint (#1)2.)

16  Purchasing stock of a Nevada corporation from a third party does not provide the necessary

17  minimum contacts for specific jurisdiction over a defendant.  Schaffer, 433 U.S. at 216.

18  Topworth did not purposefully direct its actions at a citizen of the forum state by conducting

19  this transaction.  To exercise jurisdiction over Topworth under these circumstances would run

20  afoul of the requirement that "[m]inimum contacts must be 'purposeful' contacts in order to

21  'ensure that non-residents have fair warning that a particular activity may subject them to

22  litigation within the forum.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-74 (1985).

23         China has failed to satisfy the first prong of the required test of the Ninth Circuit in Data

24  Disc.  For this reason it is unnecessary to analyze the second and third prongs of the test.

25  ///

26  ///

27  ///

28  ///

5

### III.  Conclusion

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (#4) be **GRANTED.**

DATED: This 14th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE